CASE 52—PETITION ORDINARY—NOVEMBER 21.

# Miller v. Ashcraft.

APPEAL FROM NELSON CIRCUIT COURT.

1. THIS COURT WILL NOT REVERSE FOR ERROR IN GRANTING A NEW TRIAL unless it appears plainly that there was no good reason for the new trial, or unless there be some reason for apprehending that justice was not eventually done.

2. A VERDICT FOR FIVE HUNDRED DOLLARS FOR FALSE IMPRISONMENT WAS EXCESSIVE as plaintiff was not restrained of his liberty under such circumstances as to humiliate or degrade him, and the restraint was not continued for such length of time as to put him to any expense or inconvenience whatever. Therefore, this court can not say that the lower court erred in granting a new trial on account of excessive damages, especially as a second trial resulted in a verdict for only one hundred dollars.

3. FINAL ORDER.—Praying an appeal from the order granting a new

trial did not result in depriving the lower court of jurisdiction to retry the action, as that order was not a final order from which an appeal could be prosecuted. .

4. THE DEFENDANT WAS NOT PREJUDICED BY AN INSTRUCTION telling the jury that any deprivation of the liberty of plaintiff by defendant, "whether it was by actual violence, threats or otherwise," constitutes an arrest, for while the use of the word "otherwise" was rather too indefinite, it could not, under the circumstances of this case, have misled the jury.

JOHN S. KELLEY AND GEORGE S. FULTON FOR APPELLANT.

1. Excessive damages resulting from passion or prejudice must be shown affirmatively to exist in order to authorize a new trial upon that ground.

2. The unsupported statement of the defendant as to the newly discovered evidence was not sufficient to authorize a new trial.

3. As an appeal did not lie from the order granting a new trial the fact that the court granted an appeal did not deprive it of jurisdiction to try the case.

C. T. ATKINSON FOR APPELLEE.

1. Although an appeal did not lie from the order granting a new trial, the court by granting an appeal deprived itself of jurisdiction to try the case, while the appeal was pending, as the appellate court alone has jurisdiction to determine whether an appeal is properly granted or not. (Helm v, Boone & Talbot, 6 J. J. M., 353, 366.)

2. The expression "or otherwise" in the instruction defining what constitutes an arrest was misleading.

While actual force is not necessary to constitute an arrest the intent to arrest is material. (7 Am. & Eng. Enc. of Law, p. 662, 665; Jones v. Jones, 13 Ind. L. (N. C.), 448; Taafe v. Kyne, 9 Mo. App., 15; Herring v. Boyle, 1 Crump M. o R., 377; Cooley on Torts, 170.)

LAFE S. PENCE ALSO FOR APPELLEE.

1. The court erred in its definition of arrest in the instructions to the jury, and for that reason there should be a reversal on the cross-appeal. (8 Dana, 191; United States v. Benner, 1 Bald., 239; Whitehead v. Keyes, 81 Am. Dec., 676.)

2. The court erred in not permitting the defendant as a witness to deny that he acted with malice, or even to state his intentions in regard to his actions towards plaintiff, and for that reason also the judgment should be reversed on cross-appeal.

3. The court properly set aside the first verdict because of erroneous instructions, and also because the damages were excessive.

JUDGE LEWIS DELIVERED THE OPINION OF THE COURT.

George S. Miller brought this action to recover for false imprisonment against E. J. Ashcraft, who was, at the time of the act complained of, marshal of the town of New Hope.

At the trial verdict of the jury was in favor of plaintiff for $500 in damages, but upon grounds filed it was set aside and a new trial granted.

At the second trial verdict was again for plaintiff, but for only $100 in damages. And now this is an appeal by plaintiff from the order of court setting aside the first verdict and granting a new trial, and from the order overruling his motion, made at termination of last trial, to enter verdict first rendered as the judgment of court. And defendant not only resists reversal of either the order granting a new trial or the one overruling the motion of plaintiff mentioned, but on cross appeal asks reversal of the judgment entered in pursuance of the last verdict. It is manifest, if the order granting a new trial be reversed, it must result in the entry of the judgment for amount first found by the jury and annulling proceedings had at the second trial. We will, therefore, at the outset, determine whether that order was erroneous.

In Ewing v. Price, 3 J. J. M., 520, it was said: "There is a material and obvious distinction in the grounds which will require the reversal of a judgment overruling and one granting a new trial. By granting a new trial the case is only kept open for another trial on the merits, and in that trial

each party has equal chance for justice. But by overruling a motion for a new trial the unsuccessful party is concluded and may be subject to irretrievable loss and irreparable injustice." Accordingly, this rule was there laid down: "When the new trial is granted this court will not feel itself bound to reverse the judgment, *unless it appears plainly that there was no good reason for the new trial, or unless there be some reason for apprehending that justice was not eventually done.*"

The defendant did not, in his answer, aver he had authority or excuse for arresting plaintiff, and the simple issue submitted to the jury at each trial was whether he did, in fact, restrain him of his liberty, which act, if done, was, of course, unlawful; and as at both trials verdict of the jury on the merits was for plaintiff, he certainly can not complain that the order in question prevented justice being administered. Consequently, if he was thereby prejudiced at all, it was because the last jury assessed a less amount of damages than did the first, and thus is presented for consideration the only ground for the new trial in question we need notice; that is, "excessive damages appearing to have been given under the influence of passion and prejudice."

It seems to us it would be safe to decide the assessment of damages on the first trial was excessive and out of due proportion to the injury resulting from the alleged false imprisonment, even if we were not fortified by the opinion of the lower court and verdict of the second jury. For conceding, in disregard of testimony of defendant and several witnesses present at the occasion and introduced by him, that he did, under color of authority as town marshal, restrain plaintiff of his liberty, it was not done under such circumstances as to humiliate or degrade the latter, nor con-

tinued for such length of time, being only a few minutes, as to put him to any expense or inconvenience whatever; for the only appreciable effect was to ruffle his temper and cause loud talking and angry altercation between them.

Praying an appeal from the order granting a new trial did not result, as counsel for defendant contends, in depriving the lower court of jurisdiction to retry the action, for that order was not, in meaning of the Civil Code, a final order, from which an appeal would lie before the action was terminated. Nor was there, in our opinion, any error of law committed on the second trial to the prejudice of the defendant's substantial rights.

The criterion of recovery, in case the jury should find the defendant had, as alleged in the petition, arrested plaintiff, was correctly stated in an instruction; and false imprisonment complained of was defined in another as follows: "That any deprivation of the liberty of plaintiff by defendant, or any detention of him for however short a time by defendant without the plaintiff's consent and against his will, whether it was by actual violence, threats or otherwise, constitutes an arrest within the meaning of instruction No. 1." And in another instruction the jury was distinctly told, as requested by counsel for defendant, that threats to arrest were not sufficient to support the action unless accompanied by acts constituting an arrest and detention. The only defect, if any, of the instructions was use of the word "otherwise," in the second, which, though rather too indefinite, could not, under the circumstances of this case, have confused or misled the jury.

Wherefore, the order granting a new trial and final judgment are both affirmed.