JOHN D. SWEENEY *vs.* F. W. WOOLWORTH COMPANY.

Suffolk.   November 13, 1923. — January 4, 1924.

Present: RUGG, C.J., CROSBY, PIERCE, & CARROLL, JJ.

*False Imprisonment.  Agency,* Scope of employment.

At the trial of an action of tort for false imprisonment, there was evidence that the plaintiff, a boy nine and one half years of age, had been in a store of the defendant with another boy to purchase a pencil; that, after looking for the pencil and not seeing one and having examined some counters, he started to leave the store; that, when he was about six feet from the outer door, he was stopped by the manager of the store, who came in front of him and demanded that he " give up " what he " took off the counter;" that,

upon the plaintiff's stating that he took nothing, the manager again accused him and directed him to go to the cellar, pointing the way; that the plaintiff refused to go to the cellar and refused to obey a command that he turn out his pockets, stating to the manager that he could turn them out if he wished to; that the manager threatened to call an officer and arrest the boy, whereupon the plaintiff became frightened and turned out his pockets, disclosing two handkerchiefs and a dime which he said his mother had given him to use in buying the pencil; that the manager then told him to leave the store; that the manager did not stand between him and the door during the conversation but by the counter at the side of the door and that the plaintiff stood facing the counter with his back to the street. The plaintiff testified that the manager " would not let me move either side. He stood right there. I did not move at all. He would not let me go near the door." It appeared that the manager's compensation was a percentage of the profits of the store. *Held,* that

(1) The defendant was liable for the acts of the manager within the scope of his employment to the same extent as if he were paid a salary instead of a percentage from the profits;

(2) The acts of the manager could have been found to have been within the scope of his employment;

(3) Although it is well settled that any restraint, even if not accompanied by physical contact with the person, is sufficient to constitute false imprisonment if other necessary elements are present, the evidence above described was not sufficient to justify a finding that the plaintiff was restrained of his liberty by anything that was said or done by the manager of the defendant;

(4) The statement of the plaintiff that the manager would not let him go near the door was a conclusion of fact which was expressly negatived by his other testimony;

(5) There was no evidence that, during the brief conversation, the plaintiff was prevented by acts of physical force, threats or otherwise from leaving the store at any time;

(6) There was no evidence of any conduct of the manager in the detention of the boy which exceeded the exercise of his legal rights.

Tort, with a declaration in two counts, the plaintiff alleging in the first count that the defendant had assaulted him, and, in the second count, that the defendant had imprisoned and restrained him of his liberty against his will and without reasonable or probable cause. Writ dated February 3, 1919.

In the Superior Court, the action was tried before *Sanderson,* J. It appeared that at the time of the alleged false imprisonment the plaintiff was nine and one half years of age. Other material evidence is described in the opinion. At the close of the plaintiff's evidence, the defendant rested. The trial judge ruled that there could be no recovery on the

first count.  The defendant moved that a verdict be entered for it on the second count " both because there was no sufficient evidence that the act testified to was committed by an agent or servant of the defendant, and because the acts testified to did not constitute a false imprisonment."  The motion was denied.  There was a verdict for the plaintiff on the second count in the amount of $100.  The defendant alleged exceptions.

The case was submitted on briefs.

*A. S. Phillips & J. E. Lajoie,* for the defendants.

*F. Juggins & R. E. Evans,* for the plaintiff.

CROSBY, J.  This is an action of tort.  The declaration is in two counts: the first for assault, the second for false imprisonment.  As the trial judge ruled that there could be no recovery on the first count, the second only is before us. At the close of the evidence, the defendant moved for a directed verdict upon the grounds that there was not sufficient evidence to warrant a finding that the acts complained of were committed by an agent or servant of the defendant, and that such acts did not in law constitute false imprisonment.  The motion was denied and the defendant excepted.

There was evidence that one Hardie was the manager of the defendant's store at the time the acts complained of were committed; that his duties were to sell the merchandise consigned to him for sale, to direct and control the clerks in his employ, and to turn over to the defendant all proceeds of sales for an accounting; his compensation being a part of the profits.  The sales were conducted in the defendant's store and it is a legitimate inference that the business was carried on in its name.  It is plain that Hardie was the defendant's agent and that the latter was liable for his acts within the scope of his authority to the same extent as if he were paid a salary.

The plaintiff, a minor, testified in substance that on the date of the alleged false imprisonment he went into the defendant's store, accompanied by another boy, to buy a pencil; that he had been there before; that he looked around for a pencil; that he went to the back counter and, not seeing any, went to the counters near the middle of the store, and,

upon inquiry not obtaining what he wanted, started to leave the store; that when he was about six feet from the outer door Hardie came down in front of him and said, " Give up; " that he replied, " Give up what ? "; that he was frightened; that Hardie said, " What you took off the counter," and the witness answered, " I didn't take anything;" that Hardie said, " Yes, you did . . . Go down in the cellar," pointing to the entrance, and the witness replied, " No, I won't. I didn't take anything, — here is the dime I got from my mother to buy the pencil and that is all I got;" that Hardie then ordered the plaintiff to turn out his pockets; that he replied, " No, I won't," and Hardie said, " Yes, you will;" that the plaintiff said, " You can turn them out yourself if you want to," and Hardie answered, " No, I won't, I will have an officer down here in a minute if you don't and arrest you;" that then the plaintiff became frightened and turned his pockets out and showed Hardie a couple of handkerchiefs and a dime and then Hardie said, "Get out of the store and never let me see you in it again;" and that the plaintiff then left the store. The plaintiff further testified that Hardie did not stand between him and the door but by the counter at the side of the door; that he (the plaintiff) stood facing the counter with his back toward the street. He also testified that Hardie " wouldn't let me move either side. He stood right there. I didn't move at all. He wouldn't let me go near the door."

The defendant took and filed the deposition of Hardie, a portion of which was offered by the plaintiff and received in evidence, in which Hardie testified that his attention had been called to the two boys " by a lady customer who told him they were taking goods from the counters; " that he watched them for several minutes; that they moved to another counter as he approached; that they began to watch him and he saw one of the boys put some goods on a counter and move along; that when he asked them what they had in their pockets both emptied their pockets willingly and that he did not threaten or detain them. The jury were not bound to believe the evidence but were entitled to credit the plaintiff's story as the true recital of what occurred.

The question is whether there was sufficient evidence to warrant a verdict for the plaintiff upon all the testimony most favorable to him.   It is well settled that any restraint, although without physical contact of the person, is sufficient to constitute false imprisonment.   *Jacques* v. *Childs Dining Hall Co.* 244 Mass. 438, and cases cited.   We are of opinion that the evidence was insufficient to justify a finding that the plaintiff was restrained of his liberty by anything that was said or done by Hardie.   To charge the plaintiff with larceny was not of itself evidence of false imprisonment. There was nothing in what Hardie said that amounted to a restraint of the plaintiff.   He insisted that the latter should turn his pockets out, and told him that if he did not do so he would have an officer there and arrest him.   Thereupon the latter turned out his pockets as requested and left the store. Nor was there anything in what Hardie did to restrain the plaintiff of his liberty.   While the plaintiff testified that Hardie would not let him move either side, that he stood right there, that he would not let him go near the door, yet it appears that during the conversation he was standing near the door between it and Hardie, and could have left the store, so far as appears, without any interference whatever. The plaintiff's statement that Hardie would not let him go near the door is a conclusion of fact which is expressly negatived by his other testimony.   In other words, there was no evidence that during the brief conversation the plaintiff was prevented by acts of physical force, threats or otherwise from leaving the store at any time.   There were no words or conduct which could have induced a reasonable apprehension by the plaintiff, notwithstanding his tender years, that he could not leave the defendant's premises without interference if and when he desired to do so.   Moreover, there was nothing in the conduct of the defendant's agent in the detention of the plaintiff in this case which exceeded the exercise of his legal rights.   The case is distinguishable in its facts from that of *Jacques* v. *Childs Dining Hall Co. supra.*

We are of opinion that the motion for a directed verdict should have been granted.

*Exception sustained.*