## Wolford v. Commonwealth.

(Decided June 25, 1926.)

### Appeal from Pike Circuit Court.

1. Searches and Seizures—Affidavit on which Search Warrant was Based, Not Signed by Affiant, Held Void Under Statutes, Though Officer's Certificate Recited that it was Subscribed and Sworn to Before Him (Civil Code of Practice, Section 551).—Under Civil Code of Practice, section 551, requiring every affidavit to be subscribed by affiant, and to have certificate of officer before whom it was made written separately following signature of affiant, affidavit on which search warrant was based which was not signed by affiant held void, though officer's certificate recited that it was subscribed and sworn to before him.

2. Searches and Seizures—Witnesses.—Wife's affidavit will not support search warrant, the execution of which is means of procuring evidence against husband in criminal prosecution.

DAUGHERTY & BARRETT for apppelllant.

FRANK E. DAUGHERTY, Attorney General, and G. D. LITSEY, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE REES—Reversing.

The appellant was tried and convicted before a justice of the peace under a warrant charging him with unlawfully having whiskey in his possession. He prosecuted an appeal to the circuit court and was there again found guilty. Acting under a search warrant directing him to search the person of appellant and certain premises in his possession, a policeman met appellant on the road. While the officer was attempting to search appellant's person, appellant threw away a package which

proved to be a jar or can wrapped in a newspaper. The officer did not see the jar or can but heard it break, and when asked if there was whiskey in the can said, "It smelled like whiskey."

The affidavit upon which the search warrant was based purported to have been made by Rosa Wolford, but was not signed by her, though the officer's certificate recited that it was subscribed and sworn to before him. It also appears that Rosa Wolford was the wife of appellant.

Under section 551 of the Civil Code every affidavit must be subscribed by the affiant and the certificate of the officer or person before whom it is made must be written separately following the signature of the affiant. Simms v. Simms. 88 Ky. 642. In Commonwealth v. Cochran, 143 Ky. 807, 137 S. W. 521, an affidavit was subscribed by the affiant below the name and certificate of the officer before whom it was made, and it was held that such an affidavit clearly violated the requirements of the Code and was without even apparent efficacy.

The affidavit in this case was not signed by the affiant and was void.

Even if the affidavit had been subscribed by the affiant it could not be used as the basis for a search warrant. In Osborne v. Commonwealth, 214 Ky. 84, recently decided by this court, we said: "The same considerations of public policy that forbid the wife from testifying against her husband on his trial apply with equal force to a case where she appears before a judicial officer and makes oath to facts to be used in procuring her husband's conviction."

The evidence obtained by reason of the search should have been excluded, and as there was no other evidence sufficient to warrant the submission of the case to a jury the appellant's motion for a directed verdict should have been sustained. Other grounds for reversal are urged, but we do not deem it necessary to discuss them.

Judgment reversed and cause remanded for further proceedings consistent herewith.