## Pratt v. Gross et al.

(Decided March 27, 1936.)

NAPIER & EBLEN for appellant.

S. M. WARD for appellees.

OPINION OF THE COURT BY JUDGE RICHARDSON—— Reversing.

James D. Pratt sued A. M. Gross, sheriff, John Riddle, deputy sheriff, and Kirby Cornett, justice of the peace, of Perry county, Ky., to recover damages.

for false imprisonment. After stating in his petition the election of Gross as sheriff and Cornett as justice of the peace, he makes no further allegations concerning them. For his cause of action against Riddle he charged that on the 9th day of August, 1930, Riddle "unlawfully, wrongfully, wilfully, maliciously and without warrant of law or probable cause or right and against his will and consent forcibly arrested and imprisoned and caused to be arrested and to be imprisoned this plaintiff in Perry county and continued to imprison and confine him" thereunder in the jail of Perry county from the 9th day of August, 1930, until the 13th day of August, 1930, to his mortification and humiliation, and by reason thereof he suffered great mental anguish; that he was discharged from jail at 2 o'clock p. m. on the 13th day of August, 1930, without being charged with, or tried for, any offense. As to Gross and Cornett, a general demurrer was sustained to the petition, and it was dismissed as to them. This rulng of the court was proper. Riddle's defense was a denial.

On a trial before a jury, Pratt testified substantially the facts stated in his petition, and, further, that Kirby Cornett, in company with John Riddle, in an automobile, came to a church where he was attending services, near the mouth of Leatherwood creek in Perry county. Riddle "got out of the automobile and pulled from his person a revolver and forced him to get into the automobile, when Cornett informed him that he was in contempt of court." Riddle used abusive and insulting language and assaulted him with a pistol and forced him to get in the automobile, in which he was taken through several mining towns and the city of Hazard by Riddle and Cornett to the jail of Perry county, where Cornett wrote and signed a commitment addressed to the jailer, committing him to jail for contempt of court, where he was kept from 10 o'-clock Saturday morning until the following Tuesday.

James C. Pratt, Kirby Cornett, and Arthur Halcomb deposed they were present at the time and place James D. Pratt was arrested by Riddle and Cornett and heard them state to James D. Pratt that he was in contempt of court and saw them forcibly put him in an automobile, and at the time Riddle was assaulting him with a pistol. They went away with James D. Pratt in the automobile. At the conclusion of the evi-

dence, the court directed a verdict for Riddle. Of this action Pratt is here complaining.

The record fails to disclose on what theory the court directed a verdict for Riddle.

A charge and proof of any deprivation of Pratt's liberty or any detention by Riddle for however short a time without the former's consent or against his will, whether by actual violence, threats, or otherwise, constituted an arrest. Miller v. Ashcraft, 98 Ky. 314, 32 S. W. 1085, 17 Ky. Law Rep. 894; Great Atlantic & Pacific Tea Co. v. Billups, 253 Ky. 126, 69 S. W. (2d) 5. Riddle's restraining his liberty without legal authority constituted false arrest and imprisonment. Foor v. Coombs, 15 Ky. Law Rep. 845. If, as disclosed by the evidence, Kirby Cornett signed and delivered to Riddle a commitment of Pratt to jail for contempt of court, without holding court and without hearing any evidence of Pratt's guilt, his acts were without jurisdiction, of which Riddle not only had actual knowledge, but instigated at the time, rendering him liable for damages for Pratt's confinement in jail thereunder, though his and Cornett's motives might not have been improper or corrupt. Glazar v. Hubbard, 102 Ky. 68, 42 S. W. 1114, 19 Ky. Law Rep. 1025, 39 L. R. A. 210, 80 Am. St. Rep. 340. Only the jailer who received and confined him in jail under such illegal commitment was not liable for Pratt's imprisonment. Johnson v. Collins, 89 S. W. 253; 28 Ky. Law Rep. 375. The issuance of the commitment by Cornett, in the circumstances, does not bring Riddle's rights or defense within the rule protecting an officer from liability acting under judicial process. Steinbergen v. Miller, 96 S. W. 1101, 29 Ky. Law Rep. 1132. Cornett's commitment, issued in the circumstances, was not judicial process within the meaning of this term. Triangle Motor Co. v. Smith, 216 Ky. 479, 287 S. W. 914.

Wherefore the judgment is reversed, with directions to award Pratt a new trial and for proceedings consistent herewith.