## Campbell v. Blankenship.

December 14, 1948.

J. Milton Luker and Murray L. Brown for appellant.

Lewis & Weaver and. S. V. Little for appellee.

OPINION OF THE COURT BY JUDGE CAMMACK—Reversing.

Richard Campbell instituted this action against Stanley Blankenship, sheriff of Laurel County, on March 15, 1946, to recover possession of an automobile which he alleged Blankenship had been holding wrongfully since March 8th, and also to recover the sum of $180 for the wrongful taking and detention of the automobile. The sheriff admitted the automobile belonged to Campbell and that he was holding it, but asserted he was doing so under an order of court. He said further that, under a search warrant directing him to search Campbell's property and his automobile for possessing or transporting liquor in dry territory, he directed the search to be made and that he took possession of the car when liquor was found in it. Subsequent pleadings were filed in which an issue was made as to the validity of the search warrant which was issued by the judge of the Laurel quarterly court. Campbell asserted that the affidavit for the obtention of the search warrant which was made by Charles A. Reams, a deputy sheriff serving under Blankenship, was not signed by Reams. In September, 1946, Campbell filed an amended petition in which he charged that his car had been damaged in the sum of $200 by the sheriff permitting it to remain in an open parking lot from March 8th to April 5th. He made a total claim of $790 for damages in his amended petition. The pleadings show that Campbell's car was returned to him after he was acquitted under an indictment charging him with illegally possessing and transporting liquor. On the trial of this action in January 1948, the court

sustained the appellee's motion for a directed verdict. This appeal is from a judgment on that verdict dismissing Campbell's petition.

The principal question involved on the appeal is the validity of the search warrant obtained by the deputy sheriff, Reams. The appellant contends it was void, while the appellee contends it was valid on its face. It is the position of the appellant that an officer is liable for a search under a void search warrant, while the sheriff contends that an officer is protected in executing a search warrant valid on its face. The further contention is made that a sheriff is not responsible for the acts of his deputy when the latter is acting under a void search warrant.

Reams testified that he received information by telephone from a member of the highway patrol on March 8th that Campbell was transporting whiskey in his automobile; that he talked with the sheriff and was told by him to obtain a search warrant and to search Campbell's automobile and premises; and that he did so. No contention is made that Reams signed the affidavit upon which the search warrant was obtained. The county judge testified that Reams swore to the affidavit, but he could not recall to whom the search warrant was delivered. Both the affidavit and the search warrant were signed by the county judge.

KRS 242.370 provides for the issuance of search warrants under the local option law (KRS C. 242). This section provides that a search warrant may be issued when an officer or any reputable citizen files an affidavit charging a violation of the local option law. Obviously, a search warrant issued upon an oral affidavit would not meet the requirements of this section because it is required that the affidavit be filed with the issuing officer. Furthermore, section 551 of the Civil Code of Practice provides that all affidavits shall be subscribed by the affiant. This section was held applicable to criminal cases in Wolford v. Commonwealth, 215 Ky. 523, 284 S. W. 1116. As said in that case, an affidavit not signed by the affiant is the same as no affidavit at all and therefore void. Since it is expressly provided in KRS 242.370 that a search warrant can be issued only when an affi-

davit is filed with the issuing officer, the search warrant involved herein is necessarily void.

Counsel for the sheriff take the position that the search warrant in question would be void only as to the issuing officer and voidable as to the executing officer, and therefore the latter officer would be protected in making a reasonable search. It is further contended that the only instances where liability would attach to the officer executing a search warrant would be (1) where the search is made pursuant to a warrant which is invalid or void because of a defect on the face of the warrant; (2) where different premises, persons or things are searched other than those described in the warrant; and (3) where an officer makes an unreasonable and improper search under a valid search warrant. It is insisted that the case of McMahan's Adm'x v. Draffen, 242 Ky. 785, 47 S. W. 2d 716, 718, cited by the appellant, is not in point, because liability of the searching officer attached in that case by reason of the fact that premises occupied by McMahan were searched when the warrant directed that the premises of Keeling be searched. The opinion in the McMahan case deals at some length with questions relating to searches and seizures. In the course of the opinion it is said that:

"An officer executing a search warrant, regularly issued, and legal on its face, is not concerned with its illegality." Further in the opinion it is said: "The good faith of the officer, or that he was acting in full belief, and with reason to believe, that the evidence of the crime sought or desired was present on the premises searched, will not justify a search without a search warrant, or with a void search warrant, of another's premises, or person or things. At most his good faith may be regarded only in mitigation of damages."

As a general proposition an officer making a search under a search warrant valid on its face would be protected. He would be justified in presuming that the issuing officer was acting within the scope of his authority. The case at bar, however, presents two unusual situations. In the first instance, under KRS 242.370 a search warrant could not be "regularly issued" under the local option law unless an affidavit had been filed with the issuing officer. Certainly, an officer, the sheriff in this

instance, would be charged with knowledge of the law. In the second instance the sheriff, through his deputy, was fully cognizant of all the circumstances pertaining to the issuance of the warrant, because it was the deputy who received the information upon which the warrant was obtained and who, at the direction of the sheriff, obtained the invalid search warrant and made the search. It follows, therefore, that in this case there was actual knowledge on the part of the searching officer that the search warrant was obtained without a valid affidavit. The deputy sheriff was a trespasser, since he was making a search under a search warrant which the judge had no right to issue. As said in the McMahan case, the officer's good faith may be regarded only in mitigation of damages. Under the facts presented the case was one for the jury.

The case of Pratt v. Gross, 263 Ky. 521, 92 S. W. 2d 788, 789, presents a somewhat analogous situation. In that case suit for false imprisonment was brought by Pratt against Gross, sheriff, his deputy Riddle, and Cornett, a justice of the peace. During the course of the opinion it was said:

"* * * If, as disclosed by the evidence, Kirby Cornett signed and delivered to Riddle a commitment of Pratt to jail for contempt of court, without holding court and without hearing any evidence of Pratt's guilt, his acts were without jurisdiction, of which Riddle not only had actual knowledge, but instigated at the time, rendering him liable for damages for Pratt's confinement in jail thereunder, though his and Cornett's motives might not have been improper or corrupt."

In view of what has been said we think the judgment should be and it is reversed, with directions to set it aside, and for proceedings consistent with this opinion.

Judge Thomas dissenting.