**GRAYSON VARIETY STORE, INC.,**
Appellant,

v.

**Ruby Ann SHAFFER, an infant, etc., et al.,**
Appellees.

Court of Appeals of Kentucky.

April 29, 1966.

Henry R. Wilhoit, Jr., Thomas D. Theobald, Jr., Grayson, for appellant.

W. H. Counts, Olive Hill, for appellees.

CULLEN, Commissioner.

Having sustained a motion for an appeal, we have before us the appeal of Grayson Variety Store, Inc., from a judgment awarding, as damages for false imprisonment, $500 each to the appellees Ruby Ann Shaffer, Valerie Jean Shaffer and Ada Lynn Shaffer. One of the contentions of the appellant is that its motions for a directed verdict and for judgment n. o. v. should have been sustained because the evidence

showed there was no imprisonment or detention against will. We think the contention is well taken.

The three appellees, two of whom were age 15 and the other age 10, were shopping in appellant's self-service variety store, in the course of which they spent a few minutes at the cosmetic counter, picking up and examining compacts. A clerk, observing them from a nearby counter, thought she saw one of the girls put a compact in a shopping bag she was carrying. Directly the girls left the store and the clerk then reported to the manager that they had taken a compact without paying for it. The manager left the store in search of the girls and he encountered them on the sidewalk a short distance from the store. He asked one of the girls what she had done with the compact she took, and she replied that she had put it back on the counter. He then said, "You better come back to the store with me, we have something to discuss," or he said, "Would you girls come back to the store with me a minute, I have a matter to discuss with you," or he said, "Will you girls please come back down to the store, we have a little matter to discuss." The girls returned with him to the store, where the clerk identified them as the ones who had taken the compact. The girls then suggested that their purses and shopping bag be searched. Upon search by the clerk no compact was discovered, whereupon the manager said he was "sorry" and the girls left the store.

The girls testified that when the manager encountered them on the sidewalk he did not threaten them, touch them, speak in a loud or rough voice, or make any show of force; that they were not placed in fear, they did not feel that he was going to use any force on them, and they returned to the store with him "voluntarily." When they were back in the store they were not detained or held by threat or by force; they merely were asked about having taken the

compact and they then asked that their purses and shopping bag be searched. They testified that they desired to vindicate themselves—"we wanted them to see it wasn't true."

The evidence shows conclusively that the girls returned to the store voluntarily and that the search of their belongings was at their request. They were activated by a desire to vindicate themselves, not by coercion.

■ Our cases define an imprisonment as being any deprivation of the liberty of one person by another or detention for however short a time without such person's consent and against his will, whether done by actual violence, threats or otherwise. Great Atlantic & Pacific Tea Co. v. Smith, 281 Ky. 583, 136 S.W.2d 759; Pratt v. Gross, 263 Ky. 521, 92 S.W.2d 788; Great Atlantic & Pacific Tea Co. v. Billups, 253 Ky. 126, 69 S.W.2d 5. The evidence in this case shows no deprivation of liberty or detention without consent and against will.

■ Submission to the mere verbal direction of another, unaccompanied by force or threats of any character, does not constitute false imprisonment. 35 C.J.S. False Imprisonment § 11, p. 636. Bare words are insufficient to effect an imprisonment if the person to whom they are spoken is not deprived of freedom of action. 22 Am. Jur., False Imprisonment, Sec. 13, p. 362.

Comparable fact cases in which it was held there was no imprisonment are White v. Levy Bros. Inc., Ky., 306 S.W.2d 829; Great Atlantic & Pacific Tea Co. v. Billups, 253 Ky. 126, 69 S.W.2d 5; Sweeney v. F. W. Woolworth Co., 247 Mass. 277, 142 N. E. 50, 31 A.L.R. 311 (involving a boy accused of taking an item from a store counter); Hershey v. O'Neill, 2 Cir., 36 F. 168.

The judgment is reversed with directions to enter judgment dismissing the complaint.