FORD MOTOR CREDIT COMPANY, Appellant,

v.

Jesse L. GIBSON, Appellee.

Court of Appeals of Kentucky.

March 4, 1977.

Rehearing Denied May 5, 1977.

Discretionary Review Denied Sept. 13, 1977.

Frank G. Dickey, Jr., Landrum, Patterson & Dickey, Lexington, for appellant.

Larry D. Raikes, Hodgenville, for appellee.

Before WHITE, HOGGE and LESTER, JJ.

WHITE, Judge:

This appeal is from a judgment for appellee in the amount of $1,000.00 compensatory damages and $1,000.00 punitive damages on a claim of false imprisonment. Appellee was also awarded $450.00 on his claim of breach of contract on the theory that he had been damaged in that amount by appellant's failure to give him notice of its termination of a secured interest in appellee's car. The appellant had moved for a directed verdict and judgment n.o.v., both of which were denied. The appellant appeals on both issues, viz: the alleged false imprisonment and the contract claim.

Our consideration of the false imprisonment claim is confined to whether or not there was sufficient evidence to submit this issue to the jury; and, it is obligatory for us to examine the testimony in the light most favorable to the appellee. The facts are as follows:

In the summer and fall of 1972, a dispute arose between appellee Gibson and Ford Motor Credit Company, hereinafter FMCC, over the amount of the monthly payment that Gibson was to make on a car he had recently purchased. In order to encourage Gibson to pay the amount FMCC was demanding, several visits were made by FMCC agents to see him.

On January 17, 1973, Richard Kesselring went to Gibson's home, located 12 miles from Hodgenville, Kentucky, in an attempt to persuade Gibson to turn over the automobile or make his payments current. Gibson informed him that the matter was being handled by his attorney in Hodgenville and agreed to go with Kesselring to see the attorney. Upon their arrival at Hodgenville, they discovered that Gibson's attorney was not at home. Kesselring then called his superior from a public phone, and the superior asked to talk to Gibson. During this phone conversation, Kesselring's superior told Gibson that unless Gibson either signed certain papers or turned over the keys to his car, Gibson would have to walk home. This same threat was repeated by Kesselring in a rough voice, but no physical force or threat of force was involved in either instance. Kesselring then relented and returned Gibson to his home.

■ The case law in this jurisdiction defines false imprisonment as being any deprivation of the liberty of one person by another or detention for however short a time without such person's consent and against his will, whether done by actual violence, threats or otherwise. *Grayson Variety Store, Inc. v. Shaffer*, Ky., 402 S.W.2d 424 (1966); *Great Atlantic & Pacific Tea Co. v. Billups*, 253 Ky. 126, 69 S.W.2d 5 (1934).

■ In order to constitute a case of false imprisonment, it is essential that there be some direct restraint present. Restraint constituting a false imprisonment may arise out of words, acts, gestures, or the like, which induce a reasonable apprehension that force will be used if the plaintiff does not submit. *Great Atlantic & Pacific Tea Co. v. Billups, supra.*

On the other hand, "submission to the mere verbal direction of another unaccompanied by force, or threats of any character, does not constitute false imprisonment . . . Bare words are insufficient to effect an imprisonment if the person to whom they are spoken is not deprived of freedom of action." *Grayson Variety Store, Inc. v. Shaffer, supra.*

Reviewing the evidence in this case, it is obvious there was no force or threat of force against the appellee. Furthermore, we do not believe that appellee considered himself to be in reasonable apprehension of force if he failed to submit to appellant's demands. In fact, quite to the contrary, there is evidence that appellee, far from being in apprehension of force, actually undertook physical action to force the appellant's agent to return him to his home.

As authority for his position, appellee relies on the liberal statement of the rule in *Great Atlantic & Pacific Tea Co. v. Billups, supra.* That case, however, held that there was no false imprisonment.

There the facts were that a grocer accosted a customer outside his store and accused her in a rough voice of not paying for some candy. He blocked her path and insisted she return to the store, but she refused and even paid him again for the candy rather than return to the store. The court said of the grocer's actions that "What he said and did was not sufficient to induce a reasonable apprehension that force would be used if Mrs. Billups did not submit." We find this case to be controlling.

Since appellee failed to make a case based upon the requisite elements of false imprisonment, the court below erred in denying the appellant's motion for a directed verdict.

We turn now to the second issue, relating to recovery for damages of an alleged breach of contract. Appellee was permitted recovery of damages on a claim for breach of an implied duty of notification of termination of a security interest. It appears from the evidence that on January 21, 1973, just four days following the con-

frontation set out in issue one above, the automobile in controversy was wrecked. Since FMCC was the loss payee the insurance policy, no notice was given to Gibson that the loss had been paid or that FMCC terminated its lien on the car subsequently on April 13, 1973.

Appellee strenuously argues in his brief that Appellant had an implied duty to personally notify Appellee when it terminated the security interest. We disagree. *Ky. Rev.Stat.* § 355.9–404 does not provide for such notification to the debtor, unless a written demand has been made on creditor. The notice of termination which Appellee contends he should have been given is on public record in the County Court Clerk's office and is constructive notice to all persons including the Appellee. This breach of contract claim likewise should not have been submitted to the jury.

The judgment is reversed.

All concur.