Mary Elizabeth **LEARY**,
et al., Plaintiffs,

v.

Stephen **DAESCHNER**, Defendant.

CIVIL ACTION NO. 3:99CV–465–S.

United States District Court,
W.D. Kentucky,
at Louisville.

Sept. 7, 2001.

---

Daniel T. Taylor, III, Louisville, KY, Philip C. Kimball, Louisville, KY, for plaintiffs.

Denise L. St. Clair, Michael K. Kirk, Michelle DeAnn Wyrick, Wyatt, Tarrant & Combs, Louisville, KY, for defendant.

## MEMORANDUM OPINION

SIMPSON, Chief Judge.

This matter is before the court on motion of the defendant, Stephen Daeschner ("Daeschner"), for summary judgment on subparts b, d, e, and f of Count VII of the amended complaint in this action. For the reasons set forth below, the motion will be granted.

This action arose from the circumstances surrounding the involuntary transfer of a number of teachers in the Jefferson County, Kentucky public school system. In addition to claims that their First Amendment and due process rights were violated by the defendant, the teachers raised various state law claims. The claims currently before the court allege false imprisonment, interference with advantageous relationship, interference with contract rights, and outrageous conduct.

To establish false imprisonment, a plaintiff must prove that "she was detained through the use of actual threats, violence, or otherwise, without her consent and against her will." *Stump v. Wal Mart Stores, Inc.*, 942 F.Supp. 347, 349 (E.D.Ky. 1996) *citing, Ford Motor Credit Company v. Gibson*, 566 S.W.2d 154, 155 (Ky.App. 1977).

The Restatement of Torts 2d, section 766 is recognized in Kentucky as establishing the elements of tortious in-

terference with business contracts and relationships:

> ... except as stated in Section 698, one who, without a privilege to do so, induces or otherwise causes a third person not to
>
> (a) perform a contract with another, or
>
> (b) enter into or continue a business relation with another is liable to the other for the harm caused thereby.

*McCarthy v. KFC Corporation,* 607 F.Supp. 343, 345 (W.D.Ky.1985), quoting the Restatement of Torts 2d. "In order to prove a claim for tortious interference, [a plaintiff] must demonstrate that 'a wrongdoer intentionally meddle[d] with an agreement without justification or invade[d] contractual relations by engaging in significantly wrongful conduct.'" *Hunt Enterprises, Inc. v. John Deere Industrial Equipment Company,* 18 F.Supp.2d 697, 702–03 (W.D.Ky.1997), *quoting, Blair v. General Motors Corp.,* 838 F.Supp. 1196, 1200 (W.D.Ky.1993).

In the case of *Kroger Company v. Willgruber,* 920 S.W.2d 61, 65, 67 (Ky.1996), the Kentucky Supreme Court held that only conduct which is intentional, outrageous, intolerable and against the generally accepted standards of decency and morality will satisfy the high threshold or proof for the tort of outrageous conduct. The court stated

> Citizens in our society are expected to withstand petty insults, unkind words and minor indignities ... It is only outrageous and intolerable conduct which is covered by this tort ... The wrongdoer's conduct must be intentional or reckless ... The conduct must be outrageous and intolerable in that it offends against the generally accepted standards or decency and morality ... There must be a causal connection between the wrongdoer's conduct and the emotional distress ... and the emotional distress must be severe.

The plaintiffs do not allege any facts, either in their amended complaint or in their response to the motion for summary judgment, that suggest that the plaintiffs were detained in any way, that the defendant induced a third party to terminate a contract or business relationship with the plaintiffs, or that the actions of the defendant offended generally accepted standards of decency and morality. In response to the motion, the plaintiffs do not dispute that Kentucky law requires such evidence. Rather they respond with affidavits that state that 1) the plaintiffs were asked to leave the school during the middle of the workday; 2) the plaintiffs were transferred from the school; 3) that the transfer violated the collective bargaining agreement; and 4) that they suffered humiliation, embarrassment and damage to their professional reputations.

A party moving for summary judgment has the burden of showing that there are no genuine issues of fact and that the movant is entitled to summary judgment as a matter of law. *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 151–60, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); *Felix v. Young,* 536 F.2d 1126, 1134 (6th Cir.1976). Not every factual dispute between the parties will prevent summary judgment. The disputed facts must be material. They must be facts which, under the substantive law governing the issue, might affect the outcome of the suit. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). The dispute must also be genuine. The facts must be such that if they were proven at trial, a reasonable jury could return a verdict for the non-moving party. *Id.* at 2510. The disputed issue does not have to be resolved conclusively in favor of the non-moving party, but that party is required to present some significant probative evidence which makes it necessary to resolve the parties' differing versions of the dispute at trial. *First National Bank of Arizona v. Cities Ser-*

vice Co., 391 U.S. 253, 288–89, 88 S.Ct. 1575, 20 L.Ed.2d 569 (1968). The evidence must be construed in a light most favorable to the party opposing the motion. *Bohn Aluminum & Brass Corp. v. Storm King Corp.*, 303 F.2d 425 (6th Cir.1962).

It is clear that a theory of false imprisonment is simply inapplicable here. The plaintiffs were asked to leave school. Similarly, the plaintiffs' interference claims relate to their contract (the CBA) with the Jefferson County Board of Education, the entity for whom the defendant Superintendent of Schools acted in this instance. The plaintiffs themselves contend that the defendant was "acting under color of state law" when he transferred them. Thus there is no allegation of interference with a third-party contract or relationship here. The theory of tortious interference is inapplicable. Finally, there is a complete absence of facts to support a claim that the actions of the defendant in involuntarily transferring the plaintiffs were so intolerable as to reach beyond the bounds of decency and morality. These state law claims will be dismissed by separate order.