The Eleventh Circuit Court of Appeals has certified the following question to us: "If a cause of action governed by a one year statute of limitations accrues while the plaintiff is incarcerated pending trial on a criminal charge, and six months later the plaintiff is imprisoned on the criminal charge for a term less than life, does Alabama Code [1975] § 6-2-8 operate to toll the statute of limitations?" 732 F.2d 856.
Larry Wayne Whitson was arrested and charged with first degree burglary in April 1978. Because he was unable to post bond, he was held in the Jefferson County jail at Bessemer until his trial. On September 15 and 16, while Whitson was in jail awaiting trial, certain incidents occurred which Whitson contends constituted a violation of his Eighth Amendment rights. Whitson was subsequently tried and was convicted of burglary and sentenced to twenty-five years' imprisonment. He is currently serving the sentence in an Alabama prison.
On December 1, 1980, Whitson filed an action in the United States District Court for the Northern District of Alabama against the warden and two sergeants assigned to the Bessemer jail. His complaint alleged that the incidents which took place in September 1978 were actionable under 42 U.S.C. § 1983. The district court ruled that Whitson's claim was time barred by the applicable statute of limitations, § 6-2-39 (a)(5), Code of Alabama 1975. On appeal, the Eleventh Circuit Court of Appeals agreed that Alabama's one-year statute of limitations was applicable, but remanded the case to the district court for consideration of whether the statute of limitations was tolled by § 6-2-8 (a), Code of Alabama 1975, which provides:
 "If anyone entitled to commence any of the actions enumerated in this chapter, to make an entry on land or enter a defense founded on the title to real property is, at the time such right accrues, below the age of 19 years, insane or imprisoned on a criminal charge for any term less than for life, he shall have three years, or the period allowed by law for the commencement of such action if it be less than three years, after the termination of such disability to commence an action, make entry, or defend; provided, however, that no disability shall extend the period of limitations so as to allow such action to be commenced, entry made or defense made after the lapse of 20 years from the time the claim or right accrued."
On remand, the district court ruled that the tolling statute was inapplicable. It reasoned that since the class of persons protected by the statute includes those who are "imprisoned on a criminal charge for any term less than life," a prisoner must have been convicted on a criminal charge and sentenced for a term less than life in order for the tolling statute to be applicable. Since Whitson had not yet been convicted when the alleged violations of his civil rights took place, the court ruled that § 6-2-8 was inapplicable. The case was again appealed to the Eleventh Circuit and the question of the applicability of § 6-2-8 was certified to us.
In addition to the parties' briefs, briefs were filed by the State of Alabama and on behalf of the Alabama Defense Lawyers Association. The primary thrust of the amicus briefs is that, because of certain policy reasons, the tolling statute should not be applied to prisoners' § 1983 actions. If we were to conclude that the statute is inapplicable to prisoners' § 1983 actions based on the public policy reasons enumerated by the amici, there would be no need to consider whether the statute applies to Whitson's particular situation. We will, therefore, discuss the public policy arguments first.
The tolling statute was enacted prior to the compilation of the 1852 Alabama Code. The state argued that the statute was passed because, at that time, prisoners were "civilly dead" and were unable to bring civil suits. Therefore, it argues, the intent of the statute was to preserve a prisoner's right to sue until he was released and could file the action. The state reasons that since prisoners are now allowed *Page 148 
to bring lawsuits, see e.g., Strickland v. State, 43 Ala. App. 311, 189 So.2d 764 (1965); Whitehead v. Baranco Color Labs,Inc., 353 So.2d 793 (Ala. 1977), the reason for the rule no longer exists. The state provides prisoners with paper, envelopes, pencils, stamps, and legal research materials to aid them in filing civil rights actions. As a result, over 800 actions under § 1983 are filed against the state each year.
While it is difficult to determine the status of prisoners with regard to their right to file civil actions in 1852, we have been unable to substantiate the state's claim that prisoners sentenced to terms of less than life during that period of time were civilly dead. The concept of civil death was an outgrowth of the ancient English practice of "outlawry." See "History and Theory of Civil Disabilities", 23 Vand.L.Rev. 941 (1970). In the absence of statute, the concept of civil death has generally been denied in this country. Holmes v.King, 216 Ala. 412, 414, 113 So. 274 (1927). Alabama did have a civil death statute in force when the tolling statute was enacted, but it applied to those sentenced to life imprisonment. 1852 Code § 3637. See Title 61, § 3, Code of Alabama 1940 (Recomp. 1958). The tolling statute, on the other hand, applies to those impributed for a term less than life.
It appears, therefore, that the civil death statute applied to a class of persons different from those the tolling statute applied to. Furthermore, the cases we have found dealing with civil death involved persons serving life sentences. See Holmesv. King, 216 Ala. 412, 113 So. 274 (1927); Quick v. Western Ry.of Alabama, 207 Ala. 376, 92 So. 608 (1922). It does not appear, therefore, that persons imprisoned for terms less than life were considered "civilly dead" under Alabama law at the time the tolling statute was enacted. If the civil death statute and the tolling statute had been co-extensive in their scope, one could make the argument that when the legislature repealed the civil death statute, Acts 1965, 1st Ex.Sess., p. 381, § 1, it intended to amend the tolling statute to eliminate its applicability to prisoners' suits. The tolling statute did not apply to the same class of persons as the civil death statute, however.
The Defense Lawyers Association also argued that public policy considerations militate against applying the tolling statute to § 1983 actions. It also pointed out that prisoners have free access to the courts to redress civil rights grievances and, therefore, are not disabled by their incarceration. In support of their argument that the tolling statute should not apply, they rely on Miller v. Smith,431 F. Supp. 821 (N.D.Tex. 1977), and Getz v. Bruch, 400 F. Supp. 1033
(E.D.Pa. 1975), in which United States district courts refused to apply tolling statutes in § 1983 actions.
Although we are inclined to agree with the premise that, as a matter of public policy, prisoners should not be allowed to rely on the tolling statute in bringing § 1983 actions, we are, nonetheless bound by the statute.[1] If the tolling provisions were judge-made law instead of statutory law we would, no doubt, be inclined to refuse to apply them to prisoners' § 1983 suits. The legislature has not, however, seen fit to repeal or modify the tolling statute, even in the face of numerous civil rights actions filed by state prisoners. We do not express any opinion on the question of whether the tolling provisions of §6-2-8 must be applied by federal courts in civil rights actions as a part of the applicable statute of limitations. Applicability of state statutes of limitations to civil rights actions in federal courts is not a matter of *Page 149 
compulsion, but "merely a matter of convenience." Donaldson v.O'Connor, 493 F.2d 507, 529 (5th Cir. 1974). We are not in the same position as the federal courts regarding the applicability of Alabama's statutes. Those statutes are binding on us. We are not charged with questioning the wisdom of the legislation. Our function is to interpret legislation and to confine it within constitutional bounds. Alabama Constitution, § 43; City ofBirmingham v. Henry, 224 Ala. 239, 139 So. 283 (1931). The argument of the Defense Lawyers Association is one which should be addressed to the federal courts.
The defendants also made an argument regarding the applicability of the tolling statute to § 1983 actions. Their argument was based on the wording of the statute. Section 6-2-8
states that it is applicable to "actions enumerated in this chapter." Whitson's action is based on a federal statute,42 U.S.C. § 1983. The defendants argue that since § 1983 actions are not provided for in the Alabama Code they are not "enumerated" within the applicable "chapter" within the meaning of § 6-2-8. In support of that argument, defendants rely onNicholson v. Lockwood Greene Engineers, Inc., 278 Ala. 497,179 So.2d 76 (1965), and Mewburn v. Bass, 82 Ala. 622, 2 So. 520
(1887).
Section 6-2-8 is part of Chapter 2 of Title 6 of the Code of Alabama 1975. Chapter 2 does not list causes of actions as such; it enumerates statutes of limitations. Both of the cases relied on by the defendants involve actions governed by periods of limitations not found in Chapter 2. Nicholson, supra, involved a wrongful death action based on Title 7, § 123, Code of Alabama 1940, which provided that the action must be brought within two years after the deceased's death. In response to plaintiff's argument that the tolling statute was applicable, this Court stated that Section 6-2-8 "relates to statutes of limitation, and not to actions, such as the present one, where the time within which the statutorily created cause of action is fixed in the act creating the right, and is of the essence of the right." 278 Ala. at 500, 179 So.2d at 78. Similarly, inMewburn, supra, this Court ruled that the tolling statute was inapplicable to a mortgagor's right of redemption. The two-year period provided for such actions is also contained in the statute providing for the action, not in the chapter enumerating statutes of limitations.
Unlike the statutes in Mewburn and Nicholson, § 1983 contains no limitations period. Federal courts look to state law to determine the applicable limitations period. Federal courts also apply the tolling statutes applicable to state statutes of limitations. Johnson v. Railway Express Agency, 421 U.S. 454,464, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975). The applicable statute of limitations, § 6-2-39 (a)(5), is contained in Chapter 2. Since the statute of limitations applicable to § 1983 actions is contained in Chapter 2, it appears to us that the requirement of "enumeration" in Chapter 2 contained in the tolling statute is satisfied with regard to § 1983 actions.
Having determined that the tolling statute is applicable to § 1983 actions, we must now address the question of whether Whitson is within the class of persons protected by the statute, which brings us to the question certified to us by the Eleventh Circuit Court of Appeals. If a cause of action accrues while a prisoner is being held in a county jail awaiting trial on a charge of first degree burglary and six months later he is sentenced to a term less than life, does § 6-2-8 apply?
The dispositive language in the statute is the phrase "imprisoned on a criminal charge for any term less than life." Although the terms "imprisoned" and "criminal charge" are generally broad enough to include someone being held in a jail awaiting trial, see, e.g., Austin v. Brammer, 555 F.2d 142, 143
(Ohio 6th Cir. 1977); Grayson Variety Store, Inc. v. Shaffer,402 S.W.2d 424, 425 (Ky. 1966); United States v. Patterson,150 U.S. 65, 14 S.Ct. 20, 37 L.Ed. 999 (1893), those terms are qualified in this statute by the phrase "for any term less than life." The word "term" appears to us to refer to a period of *Page 150 
prescribed duration. See Black's Law Dictionary 1639, (rev. 4th ed. 1979). It appears, therefore, that the legislature intended for the statute to apply to prisoners who have been convicted and are serving sentences of less than life. See Ball v. Woods,402 F. Supp. 803, 805, n. 1 (N.D.Ala. 1975). Since Whitson was being held pending trial when the action accrued, he does not fall within the class of persons protected by the statute. The fact that Whitson was later convicted and sentenced to a term less than life does not bring him within the operation of the tolling statute. An intervening disability does not bring a party within § 6-2-8. Street v. Shaddix, 197 Ala. 446,73 So. 73 (1916).
Based on the foregoing, it is our opinion that a prisoner being held pending trial who is subsequently convicted and sentenced to a term of less than life does not fall within the class of persons protected by § 6-2-8, Code of Alabama 1975.
QUESTION ANSWERED.
JONES, ALMON, EMBRY, BEATTY and ADAMS, JJ., concur.
TORBERT, C.J., and MADDOX and SHORES, JJ., concur in the result.
[1] In this case we hold that § 6-2-8 is inapplicable to Whitson's case because the action arose prior to Whitson's conviction and sentence. Although the statute is binding until it is amended or repealed we do not express any opinion as to how it affects the rights of prisoners who, unlike Whitson, fall within its scope. Given the fact that prisoners are not under a civil disability, in that they can in fact bring civil suits, it is difficult to predict the effect of § 6-2-8 which tolls prisoner's actions until "the termination of [their] disability." We await the ferreting out of that issue until it arises in an actual case or controversy.