**Jerry W. DAVIS, Plaintiff-Appellant,**

v.

**HARVEY, Police Officer, et al., Defendants-Appellees.**

No. 84–4295.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 6, 1985.

Decided April 15, 1986.

Designated for Publication May 14, 1986.

Jerry Wallace Davis, in pro per.

Harry Auerbach, Deputy City Atty., Portland, Or., for defendants-appellees.

Before KILKENNY and FLETCHER, Circuit Judges, and WEIGEL, District Judge.*

WEIGEL, Senior District Judge.

Jerry W. Davis appeals a district court's dismissal of his civil rights action for lack of prosecution. He also appeals the denial of his motion for relief from an earlier judgment dismissing defendants Gary Sussman and the Portland Police Bureau, his motion for assistance of counsel, and his motion to compel discovery. We affirm the district court judgment.

The district court correctly determined that Davis's action was barred by a two-year statute of limitations. The district court relied upon this Court's holding in *Kosikowski v. Bourne,* 659 F.2d 105, 108 (9th Cir.1981) that the two-year limitation of the Oregon Tort Claims Act, Or.Rev. Stat. § 30.275, applies to § 1983 actions brought in the district of Oregon. Under the Supreme Court's recent holding in *Wilson v. Garcia,* —— U.S. ——, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985), Section 1983 claims are to be characterized as personal injury actions for statute of limitations purposes. Although under *Wilson v. Garcia* the district court should have applied Oregon's general tort statute, Or.Rev.Stat. § 12.110(1), rather than the Oregon Tort Claims Act, both statutes provide for a two-year limitations period. Therefore, the district court properly found that a two-year statute of limitations barred petitioner's action.[1]

The district court did not abuse its discretion in denying Davis' motions and denying him relief from the judgment entered against him. Nor did the court abuse its discretion in dismissing his action against

---

* The Honorable Stanley A. Weigel, United States District Judge for the Northern District of California, is sitting by designation.

1. Appellant also contends that his cause of action accrued on June 29, 1983, when the Oregon Supreme Court reversed his conviction, rather than at the time of his wrongful arrest on March 16, 1981. He claims that because he filed his complaint January 16, 1984, less than two years after the reversal of the charges against him, his action is not barred. These claims lack merit. *See Venegas v. Wagner,* 704 F.2d 1144, 1146 (9th Cir.1983) ("[W]here false arrest or illegal search and seizure is alleged, the conduct and asserted injury are discrete and complete upon occurrence, and the cause of action can reasonably be deemed to have accrued when the wrongful act occurs"); *Gowin v. Altmiller,* 663 F.2d 820, 822 (9th Cir.1981) (rejecting appellants' argument that their civil rights claims did not arise until appellant's conviction was reversed because they could not have discovered the violation until then.)

all remaining defendants for lack of prosecution.

AFFIRMED.