891 F.2d 295
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Orvin C. STANWOOD, Plaintiff-Appellant,
v.
WESTERN MERCHANTILE AGENCY, INC., Robert E. Jones, John Doe,
1-10, Jane Doe, 1-10, Defendants-Appellees.
 No. 88-4417.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 6, 1989.*
Decided Dec. 1, 1989.
 
 Before ALARCON, O'SCANNLAIN, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Orvin Stanwood ("Stanwood") appeals pro se from the dismissal of his 42 U.S.C. §§ 1985, 1986 action against Western Merchantile Agency on the grounds it was barred by the applicable statute of limitations. We affirm.
 
 
 3
 Stanwood alleges that defendants[1] conspired to deprive him of his right to due process by entering an unconstitutional judgment of default. The default judgment at issue was entered against Stanwood on September 19, 1986. This civil rights action was filed more than two years later on September 27, 1988. The statute of limitations for civil rights actions is governed by the most analogous state law, which in this case is two years. See Or.Rev.Stat. 12.110(1); Davis v. Harvey, 789 F.2d 1332 (9th Cir.1986). The statute of limitations in a section 1986 action is one year. 42 U.S.C. § 1986. The statute of limitations is not tolled by an appeal to the state court of appeals. See Strung v. Anderson, 452 F.2d 632 (9th Cir.1972).
 
 
 4
 Accordingly, Stanwood's civil rights action against Western Merchantile Agency is barred by the statute of limitations.[2]
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App. P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Stanwood does not challenge on appeal the subsequent dismissal of this action against the Honorable Robert E. Jones on identical grounds
 
 
 [2]
 Stanwood's Motion to Admit Newly Discovered Evidence is treated as a supplemental brief, by which he calls to our attention ORS 18.450(3). This statutory authority is irrelevant to this inquiry