988 F.2d 119
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Roy E. JONES, Plaintiff-Appellant,
v.
COUNTY OF INYO, a municipal corp.; J.P. Jones, individually
and as a peace officer; Don Dorsey, Sheriff,
Defendants-Appellees.
 No. 92-16045.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 11, 1993.*
Decided Feb. 22, 1993.
 
 Appeal from the United States District Court for the Eastern District of California, No. CV-91-00042-OWW; Oliver W. Wanger, District Judge, Presiding.
 E.D.Cal.
 AFFIRMED.
 Before GOODWIN, SCHROEDER and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Roy E. Jones appeals the district court's dismissal as untimely of his 42 U.S.C. § 1983 action for false arrest against the sheriff, a deputy sheriff, and the County of Inyo. Jones' claims were based on two arrests by defendants, one on January 6, 1989, and the other in February 1990, both resulting from Jones' possession of drug paraphernalia. The district court found that the claim based on the January 6, 1989 arrest was barred by the applicable one-year statute of limitations. The claim based on the February 1990 arrest was dismissed pursuant to a stipulation for nonsuit and entry of judgment between the parties. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review de novo the district court's dismissal of an action for failure to state a claim. Oscar v. University Students Cooperative Ass'n, 965 F.2d 783, 785 (9th Cir.1992) (en banc).
 
 
 4
 Section 1983 actions are characterized as personal injury actions for purposes of identifying the applicable statute of limitations. Wilson v. Garcia, 471 U.S. 261, 276 (1985). Thus, section 1983 actions must be brought within the time specified by the forum state's statute of limitations for personal injury torts. Del Percio v. Thornsley, 877 F.2d 785, 786 (9th Cir.1989). In California, the applicable statute of limitations is Cal.Civ.Proc.Code § 340(3), which provides for a limitations period of one year from the date the cause of action accrues. McDougal v. County of Imperial, 942 F.2d 668, 672 (9th Cir.1991).
 
 
 5
 Where a section 1983 action is based on a claim of false arrest, the "conduct and asserted injury are discrete and complete upon occurrence, and the cause of action can reasonably be deemed to have accrued when the wrongful act occurs." Venegas v. Wagner, 704 F.2d 1144, 1146 (9th Cir.1983). Thus, a cause of action for false arrest under section 1983 accrues at the time of the alleged wrongful arrest, and not when the subsequent conviction is reversed. Davis v. Harvey, 789 F.2d 1332, 1333 n. 1 (9th Cir.1986).
 
 
 6
 Here, Jones was arrested by the defendants on January 6, 1989, for possession of drug paraphernalia. Jones pled guilty to the charge and was sentenced to serve time in the county jail. He failed to appear to serve his sentence and was subsequently arrested in February 1990 on a warrant issued for failure to appear. On July 16, 1990, the Inyo County Superior Court granted Jones' habeas corpus petition finding that the acts for which Jones was arrested did not constitute a crime under California law.
 
 
 7
 On January 30, 1991, over two years after his initial arrest and beyond the limitations period of section 340(3), Jones filed the present action alleging violations of his constitutional rights resulting from his arrests. Jones argues that his action should be permitted to proceed as timely because his claim for false arrest accrued not on the date of his arrest, but rather on July 16, 1990, when his conviction was reversed and he became aware that his arrest was unlawful. The law in this circuit is clear, however, that claims for false arrest accrue on the date of the alleged wrongful arrest and not when the resulting conviction is reversed. See Davis, 789 F.2d at 1333 n. 1. Accordingly, the district court did not err by dismissing Jones' action as time barred.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly appellant's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3