40 F.3d 1235
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Heriberto PARRA, Plaintiff, Appellant,
v.
STATE of New Hampshire, ET AL., Defendants, Appellees.
 No. 94-1204
 United States Court of Appeals,
First Circuit.
 Nov. 15, 1994
 
 Appeal from the United States District Court for the District of New Hampshire [Hon. Paul J. Barbadoro, U.S. District Judge ]
 Heriberto Parra on brief pro se.
 D.N.H.
 AFFIRMED.
 Before CYR, BOUDIN and STAHL, Circuit Judges.
 Per Curiam.
 
 
 1
 Pro se plaintiff, Heriberto Parra, appeals from the dismissal of his civil rights complaint under 28 U.S.C. Sec. 1915(d) for failure to state a claim upon which relief can be granted. Having thoroughly reviewed the record and appellant's submissions on appeal, we affirm the dismissal.
 
 
 2
 During the pendency of this appeal, the United States Supreme Court decided Heck v. Humphrey, U.S. , 114 S. Ct. 2364 (1994). Heck applies retroactively to this case. See, e.g., Boyd v. Biggers, 31 F.3d 279, 282 n.2 (5th Cir. 1994). In Heck, the Court held that "a Sec. 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated." 114 S. Ct. at 2374. Therefore, if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence ..., the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." Id. at 2372.
 
 
 3
 Notwithstanding the Supreme court's decision in Heck, we affirm the dismissal of appellant's claims against the prosecutors on the ground of absolute immunity. We agree with the Fifth Circuit that "[b]ecause absolute immunity is properly viewed as 'immunity from suit rather than a mere defense to liability,' Mitchell, 472 U.S. at 526, it is appropriate for the district courts to resolve the question of absolute immunity before reaching the Heck analysis when feasible." Boyd, 31 F. 3d at 284.
 
 
 4
 Appellant alleges that the prosecutors violated his constitutional rights by attending interviews with the victims and their parents held after his arrest and participating in a conspiracy to influence the victims' statements and "brainwash" them to make false accusations and commit perjury. Appellant argues that the prosecutors thus had an "investigative role" in the case and, therefore, are entitled only to qualified immunity.
 
 
 5
 We agree with the district court that the prosecutors are absolutely immune from suit in this case. The Supreme Court recently affirmed the "principle that acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity. Those acts must include the professional evaluation of the evidence assembled by the police and appropriate preparation for its presentation at trial or before a grand jury after a decision to seek an indictment has been made." Buckley v. Fitzsimmons, U.S. , 113 S. Ct. 2606, 2615-15 (1993). The conduct alleged clearly falls within those parameters. The Court has specifically noted that "an out-of-court 'effort to control the presentation of [a] witness' testimony' is entitled to absolute immunity." Id. (citations omitted).
 
 
 6
 Parra's remaining Sec. 1983 claims are foreclosed by Heck and are therefore frivolous under Sec. 1915(d). The complaint alleges that the state actors-the Sheriff's Department, Police Department and its individual officers-were "responsible for the false arrest, ... Malicious Prosecutorial Misconduct; Criminal Police Misconduct; Perjurious Statements, and Testimony; Falsifying Evidence; The Wrongful Conviction; Excessive Sentences; False Imprisonment...." It alleges that the State of New Hampshire and its Governor are responsible for the enforcement of the unconstitutional laws under which appellant was prosecuted. The claims, as described by appellant, against the non-immune state actors clearly challenge the legality of appellant's conviction and sentence, neither of which has been invalidated. Therefore, the claims are not cognizable under Sec. 1983.
 
 
 7
 Although it might be argued that a judgment in favor of Parra on his false arrest claim would not "necessarily imply the invalidity of his conviction or sentence," Heck, 114 S. Ct. at 2372, see United States v. Crews, 445 U.S. 463, 474 (1980); Guerro v. Mulhearn, 498 F.2d 1249, 1254 (1st Cir. 1974) ("a false arrest ... may constitute a compensable wrong [under Sec. 1983] while not undergirding the validity of the criminal conviction to which it might be related."), the false arrest claim is in any event time-barred. A civil rights claim pursuant to Sec. 1983 must be brought within the applicable statute of limitations period of the state within which the incident occurred. See Wilson v. Garcia, 471 U.S. 261, 275 (1985). In this case, the arrest occurred in New Hampshire and the statute of limitations for claims of false arrest is three years. See N.H. Rev. Stat. Ann. Sec. 507-B:7 (1993). Under federal law, which controls the accrual of Sec. 1983 claims, see Guzman-Rivera v. Rivera-Cruz, 29 F.3d 3, 5 (1st Cir. 1994), a claim for false arrest accrues on the date of the arrest. See, e.g., Rose v. Bartle, 871 F.2d 331, 351 (3d Cir. 1989); McCune v. Grand Rapids, 842 F.2d 903, 907 (6th Cir. 1988); Venegas v. Wagner, 704 F.2d 1144, 1146 (9th Cir. 1983); Singleton v. New York, 632 F.2d 185, 191 (2d Cir. 1980), cert. denied, 450 U.S. 920 (1981). Parra was arrested in January, 1990. He filed this claim in November, 1993, more than three years later. Therefore, the district court did not err in dismissing Parra's false arrest claim.
 
 
 8
 Given that there is no cause of action under Sec. 1983 against the state actors, even proper allegations of conspiracy would not suffice to bring the private actors or immune parties within the ambit of Sec. 1983. Therefore, even if appellant's complaint had included more than conclusory allegations of collusion and conspiracy between the private defendants, the prosecutors and the local officials-which it did not-the Sec. 1983 claims against those parties would still be foreclosed by Heck.
 
 
 9
 We affirm the dismissal of appellant's claims under 42 U.S.C. Sec. 1985(3) and Sec. 1986 for essentially the reasons contained in the magistrate judge's order of November 3, 1993, which was adopted by the district court in an order dated December 8, 1993.
 
 
 10
 The district court order dated February 11, 1994, dismissing the complaint is affirmed.