Clifford PARRISH, Plaintiff,

v.

CITY OF OPP, ALABAMA, a municipal corporation, Johnny Metcalf, Individually and as Chief of Police for the City of Opp, Alabama, Defendants.

Civ. A. No. 95–D–728–N.

United States District Court,
M.D. Alabama,
Northern Division.

Aug. 25, 1995.

---

J. Rick Hollingsworth, Enterprise, AL, for plaintiff.

Alex L. Holtsford, Jr., T. Randall Lyons, Montgomery, AL, for defendants.

## *MEMORANDUM OPINION AND ORDER*

DE MENT, District Judge.

Before the court is the defendants' motion filed July 11, 1995 to dismiss the above-styled case. The plaintiff responded in opposition on July 27, 1995. After careful consideration of the arguments of counsel, the relevant case law and the record as a whole, the court finds that the defendants' motion is due to be granted.

### STANDARD OF REVIEW FOR MOTION TO DISMISS

■ Pursuant to Rule 12(b)(6) of the *Federal Rules of Civil Procedure,* a defendant may move to dismiss a complaint on the ground that the plaintiff has failed to state a claim upon which relief may be granted. A Rule 12(b)(6) motion questions the legal sufficiency of a complaint; therefore, in assessing the merit of Rule 12(b) motion, the court must assume that all the factual allegations set forth in the complaint are true. *See, e.g., United States v. Gaubert,* 499 U.S. 315, 327, 111 S.Ct. 1267, 1275, 113 L.Ed.2d 335 (1991); *Powell v. Lennon,* 914 F.2d 1459, 1463 (11th Cir.1990).

■ Moreover, the statute of limitations defense, under Rule 8(c) of the *Federal Rules of Civil Procedure,* is an "affirmative defense," which the defendant has the initial burden to allege and prove; the plaintiff does not have the initial burden of disproving that defense. *Bradford–White Corp. v. Ernst & Whinney,* 872 F.2d 1153, 1161 (3d Cir.), *cert. denied,* 493 U.S. 993, 110 S.Ct. 542, 107 L.Ed.2d 539 (1989); *Schmidt v. United States,* 933 F.2d 639, 640 (8th Cir.1991). However, the burden of alleging facts which would give rise to the tolling the limitations period falls upon the plaintiff. *First Alabama Bank of Montgomery, N.A. v. First State Ins. Co.,* 899 F.2d 1045, 1054 (11th Cir.1990); *Hinton v. Pacific Enterprises,* 5 F.3d 391, 395 (9th Cir.1993), *cert. denied,* —— U.S. ——, 114 S.Ct. 1833, 128 L.Ed.2d 462 (1994).

### PROCEDURAL FACTS AND HISTORY

This case arises out of the alleged unlawful arrest and imprisonment of the plaintiff Clifford Parrish (hereafter "Mr. Parrish") by the police chief of Opp, Alabama for a charge of contempt of court on May 28, 1993. Pl.'s Compl. ¶ 6. Mr. Parrish was jailed continuously until June 1, 1993, when the charge of contempt was dismissed. Mr. Parrish alleges that the false arrest and imprisonment caused him to "lose his gainful employment, his freedom, and access to medical treatment leading to illness and poor health." Pl.'s Compl. ¶ 7. He further alleges that the unlawful actions deprived him of "life, liberty and the pursuit of happiness." *Id.* As a result of said harm, he seeks damages under 42 U.S.C. § 1983 against the city of Opp and police chief Johnny Metcalf (hereafter "defendants"). Pl.'s Compl. ¶ 2.

The defendants move the court to dismiss this case on the ground that all claims set forth in the complaint are barred by the applicable statute of limitations. Def.s' Mot. to Dismiss. In analyzing the defendants' assertions, the court will determine: (1) the applicable statute of limitations; (2) the time the claim accrued; and (3) the tolling statute, if any, governing this case.

### DISCUSSION

#### A. *Appropriate Statute of Limitations*

■ The court adheres to the long standing precedent which provides that where the federal act upon which a plaintiff relies does not contain a statute of limitations, federal courts must rely on the limitations period prescribed by the state in which

the litigation arose. *Sewell v. Grand Lodge of Int'l Ass'n of Machinists & Aerospace Workers,* 445 F.2d 545, 548 (5th Cir.1971), *cert. denied,* 404 U.S. 1024, 92 S.Ct. 674, 30 L.Ed.2d 674 (1972).[1] Since § 1983 does not contain a statute of limitations, the court must look to state law for the appropriate limitations period; in this case, Alabama. *Rubin v. O'Koren,* 644 F.2d 1023, 1024 (5th Cir.1981) (citing *Ehlers v. City of Decatur,* 614 F.2d 54, 55 (5th Cir.1980); *Prince v. Wallace,* 568 F.2d 1176 (5th Cir.1978)). The court also follows the precedent set forth by the Supreme Court of the United States which states that, for the purpose of selecting the proper state limitations period, a § 1983 claim should be characterized as an action for personal injuries. *Wilson v. Garcia,* 471 U.S. 261, 276, 105 S.Ct. 1938, 1947, 85 L.Ed.2d 254 (1985).

■ Further, the Supreme Court of the United States, in *Owens v. Okure,* 488 U.S. 235, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989), unanimously ruled that "where state law provides multiple statutes of limitations for personal injury actions, courts considering § 1983 claims should borrow the general or residual statute for personal injury actions." *Id.* at 249–50, 109 S.Ct. at 580–81. In *Owens,* the Court resolved that when a state has a general personal injury period and specific periods for particular torts, the general period controls. *Id.* The Court made it clear that a limitations period for intentional torts is "manifestly inappropriate," in part because "[e]very State has multiple intentional tort limitations provisions, carving up the universe of intentional torts into different configurations." *Id.* at 243, 109 S.Ct. at 578. The Court also concluded that a general personal injury period must be chosen over a residual period: "[c]ourts should resort to residual statutes of limitations only where state law provides multiple statutes of limitations for personal injury actions and the residual one embraces either explicitly or by judicial construction unspecified personal injury actions." *Id.* at 250 n. 12, 109 S.Ct. at 582 n. 12.

■ On the basis of these characterizations, the court must select the most appropriate statute of limitations for a § 1983 claim. The general rule under Alabama law is that the statute of limitations in effect at the time an action is brought applies. *Jones v. Preuit & Mauldin,* 876 F.2d 1480, 1484 (11th Cir.1989). At the time this claim was brought, the Eleventh Circuit had previously stated that a claim brought under § 1983 is subject to the limitations period set forth in § 6–2–38(1) of the *Alabama Code. Jones v. Preuit & Mauldin,* 876 F.2d 1480, 1484 (11th Cir.1989); *Foster v. Board of School Comm'rs,* 872 F.2d 1563, 1567 n. 4 (11th Cir.1989); *see also Woods v. Reeves,* 628 So.2d 563, 564 (Ala.1993); *Grubbs v. Alabama State Bar,* 542 So.2d 927, 931 (Ala. 1989). This section provides that a personal injury action must be brought within two years of the alleged harm. Ala.Code § 6–2–38(1) (1975).

## B. *Accrual of Claim*

■ In determining when a § 1983 claim accrues, the court stresses that it will look to federal law. *Mullinax v. McElhenney,* 817 F.2d 711, 716 (11th Cir.1987) (citations omitted). In *Mullinax,* the Eleventh Circuit set forth the general rule governing when a § 1983 claim accrues as follows:

> [T]he statute [of limitations in a § 1983 claim] does not begin to run until the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights. Thus Section 1983 actions do not accrue until the plaintiff knows or has reason to know that he has been injured. Nor will a Section 1983 action accrue until the plaintiff is aware or should have been aware who has inflicted the injury.

*Mullinax,* 817 F.2d at 716 (internal citations omitted). Therefore, the court's analysis will focus on the time Mr. Parrish knew or should have known that he had been injured.

■ The court finds persuasive that the majority of the Circuit Courts of Appeal have

---

**1.** Decisions of the former Fifth Circuit rendered prior to October 1, 1981, constitute binding authority in the Eleventh Circuit. *Bonner v. City of*  *Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981) (en banc).

held that under federal law, a claim for false arrest accrues on the date of the arrest. *Parra v. State*, No. 94–1204, 1994 WL 637001 (1st Cir. Nov. 15, 1994) (available on WEST-LAW); *Singleton v. City of New York*, 632 F.2d 185, 191 (2d Cir.1980), *cert. denied*, 450 U.S. 920, 101 S.Ct. 1368, 67 L.Ed.2d 347 (1981); *Rose v. Bartle*, 871 F.2d 331, 351 (3d Cir.1989); *McCune v. City of Grand Rapids*, 842 F.2d 903, 907 (6th Cir.1988); *Rinehart v. Locke*, 454 F.2d 313, 315 (7th Cir.1971); *Davis v. Harvey*, 789 F.2d 1332, 1333 n. 1 (9th Cir.1986); *Shulman v. Miskell*, 626 F.2d 173, 176 (D.C.Cir.1980). Mr. Parrish was arrested on May 28, 1993, and on this date, the court finds that he unquestionably knew he had been arrested and that so far as he knew the arrest was improper. He filed this claim on May 30, 1995, more than two years later. Thus, the court finds that unless the limitation period has been tolled by the imprisonment of Mr. Parrish, the false arrest claim should be dismissed.

■ In regards to the allegation of wrongful imprisonment, the court finds persuasive the reasoning set forth by the Sixth Circuit:

> [F]alse arrest consists of an unlawful and total detention or restraint on one's freedom of locomotion, imposed by force or threats.... A false arrest is one means of committing a false imprisonment, but a false imprisonment may be committed without an arrest, and a distinction has been drawn between the two in that a false arrest must be committed under assumption of legal authority whereas a false imprisonment may be committed without any pretense of legal authority.... False ar-

rest is synonymous with false imprisonment where one confines another purporting to act by authority of law which does not in fact exist.

*McCune v. City of Grand Rapids*, 842 F.2d 903, 906 (6th Cir.1988) (quoting 35 C.J.S. False Imprisonment §§ 1–2 at 621–24 & n. 5 (1960) (some footnotes omitted)). In *McCune*, the Sixth Circuit determined that a wrongful incarceration following a false arrest "constitute[s] an ill effect from the original false arrest" and thus is "not independently actionable." *McCune*, 842 F.2d at 906 (citing *Sandutch v. Muroski*, 684 F.2d 252, 254 (3d. Cir.1982)).

■ In applying the above reasoning to this case, the court finds, as did the *McCune* court in a similar factual setting, that false arrest is synonymous with false imprisonment. Based upon this finding, the court stresses that the wrongful incarceration is not independently actionable from the false arrest claim.[2] *See McCune*, 842 F.2d at 906. Therefore, the court concludes that unless the two-year limitations period is tolled, this case is barred by Ala.Code § 6–2–38(1) and due to be dismissed.

## C. *Tolling the Limitations Period*

■ There exists no federal tolling rule governing individual § 1983 actions. In *Board of Regents v. Tomanio*, 446 U.S. 478, 100 S.Ct. 1790, 64 L.Ed.2d 440 (1980), the Supreme Court of the United States held that when a federal court in a § 1983 action borrows a state's limitations period, it should also borrow its tolling rules, unless those rules are inconsistent with the policies of § 1983. *Id.* at 485–86, 100 S.Ct. at 1795.

---

2. The court also stresses that the false arrest in this case is a discrete wrong rather than a continuing violation. As stated by the Ninth Circuit, "[a] continuing violation is occasioned by continual unlawful acts, not by continual ill effects from an original violation." *Ward v. Caulk*, 650 F.2d 1144, 1147 (9th Cir.1981). The court finds that the alleged injuries suffered by Mr. Parrish resulted from the alleged original violation of false arrest. *See McCune*, 842 F.2d at 905–06 (holding that the wrongful incarceration did not constitute a continuing tort); *Venegas v. Wagner*, 704 F.2d 1144, 1146 (9th Cir.1983) (Where a § 1983 action is based on a claim of false arrest, the "conduct and asserted injury are discrete and

complete upon occurrence, and the cause of action can reasonably be deemed to have accrued when the wrongful act occurs."); *see generally Lorance v. AT & T Technologies*, 490 U.S. 900, 109 S.Ct. 2261, 104 L.Ed.2d 961 (1989) (holding that the continuing effects of a past harm do not bring the claim within the continuing violation doctrine); *Delaware State College v. Ricks*, 449 U.S. 250, 101 S.Ct. 498, 66 L.Ed.2d 431 (1980) (same); *United Air Lines v. Evans*, 431 U.S. 553, 97 S.Ct. 1885, 52 L.Ed.2d 571 (1977) (same); *Altair Corp. v. Pesquera De Busquets*, 769 F.2d 30, 32 (1st Cir.1985) (Continuing violations are "occasioned by continuing unlawful acts, not by continued ill effects from an original violation.").

The tolling rules are viewed as "an integral part of a complete limitations policy." *Id.* at 488, 100 S.Ct. at 1796.

■ Further, in *Hardin v. Straub*, 490 U.S. 536, 109 S.Ct. 1998, 104 L.Ed.2d 582 (1989), the Supreme Court of the United States unanimously held that a state rule which tolls the limitations period during a prisoner's incarceration is not inconsistent with the policies behind § 1983. *Id.* at 543–44, 2002–03. The Court reasoned that although a state could reasonably decide that there is no need for such a tolling rule,[3] a state could also reasonably conclude that tolling during incarceration is consistent with § 1983. Therefore, if the State of Alabama has an applicable statute for tolling the two-year limitation period, the court must apply that statute to this case.

Pursuant to the standards set forth in *Tomanio* and *Hardin,* the court must decide whether the statute of limitations is tolled by § 6–2–8(a) of the *Alabama Code,* which provides:

If anyone entitled to commence any of the actions

enumerated in this chapter, to make an entry on land or enter a defense founded on the title to real property is, at the time such right accrues, below the age of 19 years, insane or *imprisoned on a criminal charge for any term less than for life,* he shall have three years, or the period allowed by law for the commencement of such action if it be less than three years, after the termination of such disability to commence an action, make entry, or defend; provided, however, that no disability shall extend the period of limitations so as to allow such action to be commenced, entry made or defense made after the lapse of 20 years from the time the claim or right accrued.

Ala.Code § 6–2–8(a) (1975) (emphasis added). In a case factually similar to this case, the Eleventh Circuit certified a question to the Supreme Court of Alabama to decide whether the Alabama tolling statute applied to a pretrial detainee. *See Whitson v. Baker,* 755 F.2d 1406 (11th Cir.1985) (adopting 463 So.2d 146 (Ala.1985)).

■ The Supreme Court of Alabama analyzed the dispositive language in the statute contained in the phrase "imprisoned on a criminal charge for any term less than life." *Baker,* 755 F.2d at 1410. Specifically, the court stated:

Although the terms "imprisoned" and "criminal charge" are generally broad enough to include someone being held in a jail awaiting trial, those terms are qualified in this statute by the phrase "for any term less than life." The word "term" appears to us to refer to a period of prescribed duration. It appears, therefore, that the legislature intended for the statute to apply to prisoners who have been convicted and are serving sentences of less than life.

*Id.* (internal citations omitted). Since Mr. Parrish was being held on a charge of contempt of court when this claim accrued, the court finds that he does not fall within the class of persons protected by the statute. *Id.* Further, Mr. Parrish was never even convicted of contempt as the charge was later dismissed. "An intervening disability does not bring a party within § 6–2–8." *Id.* (citation omitted).

## CONCLUSION

Pursuant to Rule 3 of the *Federal Rules of Civil Procedure,* "[a] civil action is commenced by filing a complaint with the court." Because this case was filed more than two years from the time the claim accrued, the court concludes that all claims by the plaintiff pursuant to § 1983 are barred by § 6–2–38(1) of the *Alabama Code.*

---

**3.** *See Hardin,* 490 U.S. at 544, 109 S.Ct. at 2003 ("[A] State reasonably could decide that there is no need to enact a tolling statute applicable to [§ 1983] suits," because "many prisoners are willing and able to file § 1983 [claims] while [incarcerated]."). Also, there is pre-*Hardin* authority that state rules that do not provide for tolling during a prisoner's incarceration are con-

sistent with § 1983, so long as confinement does not rob the prisoner of the legal capacity to bring suit. *Stephan v. Dowdle,* 733 F.2d 642 (9th Cir. 1984); *Winton v. Burton,* 582 F.Supp. 1044 (E.D.Tex.1984); *Campbell v. Guy,* 520 F.Supp. 53 (E.D.Mich.1981), *aff'd,* 711 F.2d 1055 (6th Cir. 1983), *cert. denied,* 464 U.S. 1051, 104 S.Ct. 731, 79 L.Ed.2d 190 (1984).

Accordingly, it is CONSIDERED and ORDERED that defendants' motion to dismiss be and the same is hereby GRANTED and that the plaintiff's complaint be and the same is hereby DISMISSED with PREJUDICE.

It is further CONSIDERED and ORDERED that all costs herein incurred be and the same are hereby taxed against the plaintiff, for which let execution issue.