77 F.3d 490
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
John S. PIERI, Plaintiff-Appellant,
v.
DAMMASCH STATE HOSPITAL, Defendant-Appellee.
 No. 94-35970.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 12, 1996.*
Decided Feb. 20, 1996.
 
 Before: NOONAN, LEAVY, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 John S. Pieri appeals pro se the district court's dismissal of his action against Dammasch State Hospital ("Dammasch"). His complaint alleged that Dammasch violated federal civil rights laws regarding discrimination against the handicapped in barring him from a training class at Dammasch. The district court dismissed the complaint for failure to state a claim.
 
 
 3
 The defendant, citing no authority, first questions this court's jurisdiction because Pieri appealed from the magistrate judge's findings and because Pieri filed his notice of appeal before the district court's entry of judgment.
 
 
 4
 Absent consent of the parties under 28 U.S.C. § 636(c), a magistrate judge's findings and recommendations are not appealable final orders. Serine v. Peterson, 989 F.2d 371, 372 (9th Cir.1993). Nevertheless, a notice of appeal from a nonfinal decision may operate as a notice of appeal pursuant to Fed.R.App.P. 4(a)(2) when an unskilled litigant files a notice of appeal from a decision that he reasonably but mistakenly believes to be a final judgment. FirsTier Mortg. Co. v. Investors Mortg. Ins. Co., 498 U.S. 269, 276 (1991).
 
 
 5
 In this case, Pieri filed a pro se notice of appeal on September 29, 1994, the same day that the district court's final order was entered. His handwritten notice of appeal simply says, "Notice is hereby given that John Pieri, pro se plaintiff above named, to appeal to the United States Court of Appeals 9th Circuit from the order to dismiss entered into this action on the 7th day of September 1994." The magistrate judge's findings were entered on September 7, but there was no "order to dismiss" on September 7. This is clearly a case where an unskilled litigant filed a notice of appeal that referred to the district court's order to dismiss, but mistakenly identified the date of the magistrate judge's findings. Any ambiguity in this situation should be resolved in favor of saving the appeal. See MGIC Indem. Corp. v. Weisman, 803 F.2d 500, 502 (9th Cir.1986).
 
 
 6
 Furthermore, a notice of appeal filed after the district court announces its decision or order but before entry of a judgment is treated as filed "on the date of and after the entry." Fed.R.App.P. 4(a)(2); Guerra v. Sutton, 783 F.2d 1371, 1374 (9th Cir.1986). The fact that Pieri's notice was filed and entered on the docket sheet hours before the entry of the final order is not a prematurity problem under Fed.R.App.P. 4(a)(2). Therefore, we reject the argument that this court has no jurisdiction.
 
 
 7
 After review of the record in this case, we conclude that the district court did not err in dismissing Pieri's complaint for damages against Dammasch for failure to state a claim upon which relief can be granted. Pieri's complaint is barred by the Eleventh Amendment and the applicable statute of limitations.
 
 
 8
 A suit in federal court by a private party seeking to impose a liability which must be paid from state funds is barred by the Eleventh Amendment. Edelman v. Jordan, 415 U.S. 651, 663 (1974); accord Penhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 103 (1984); Quern v. Jordan, 440 U.S. 332, 338 (1979). Moreover, 42 U.S.C. § 1983 does not provide a federal forum for litigants who seek a remedy against a state for alleged deprivations of civil liberties. Will v. Michigan Dep't of State Police, 491 U.S. 58, 66 (1989); Quern, 440 U.S. at 340. Dammasch is authorized and established as a state hospital pursuant to Oregon Revised Statutes §§ 426.010 and 426.030.
 
 
 9
 Given these established legal doctrines, the district court properly dismissed Pieri's § 1983 claims on Eleventh Amendment grounds.
 
 
 10
 Congress, in enacting 42 U.S.C. § 2000d-7-(a)(1), has permitted individual actions for violations of section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794. Section 504 prohibits discrimination on the basis of disability and is applicable to any program receiving federal financial assistance. However, any section 504 action which Pieri may have asserted against Dammasch is barred by the applicable statute of limitations. Section 504 is a civil rights statute, closely analogous to section 1983. Alexopulos v. San Francisco Unified Sch. Dist., 817 F.2d 551, 554 (9th Cir.1987). Section 1983 claims are to be characterized as personal injury actions for statute of limitations purposes. Wilson v. Garcia, 471 U.S. 261, 280 (1985). Oregon's general tort statute provides for a two-year limitations period. Or.Rev.Stat. § 12.110(1); Davis v. Harvey, 789 F.2d 1332, 1333 (9th Cir.1986). The events at issue are Pieri's dismissal from a training class at Dammasch in June 1990. Pieri's complaint was filed in March 1994. Therefore, Pieri's action is barred by the Oregon two-year limitation.
 
 
 11
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3