125 F.3d 858
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
John Christopher GABOR; John Gabor, Plaintiffs-Appellants,
v.
Officer FERRIERA; City of Campbell; Campbell Police
Department; Cost, Police Chief; County of Santa Clara;
Santa Clara County Board of Supervisors; Santa Clara County
Jail; Dennis Handis, Sheriff; George Kennedy; Janet
Cartwright; Daniel Okonkwi; Cindy Seeley; Luella Tsai;
Kristin Wong; George Abel; State of California; Daniel E.
Lungren, Attorney General; California Dept. of Health and
Welfare Agency; Sandra Smoley; Pete Wilson, Governor,
Defendants-Appellees.
 No. 96-17289.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 22, 1997.**
Decided Sept. 24, 1997.
 
 Appeal from the United States District Court for the Northern District of California, Charles R. Weiner, District Judge, Presiding; No. CV-96-20470-RMW.
 Before: HALL, BRUNETTI, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 John Christopher Gabor and his father, John Gabor, appeal pro se the district court's Fed.R.Civ.P. 12(b)(6) dismissal of their action. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.
 
 
 3
 After a de novo review of the record, see Stone v. Travelers Corp., 58 F.3d 434, 436-37 (9th Cir.1995), we agree with the district court's conclusion that the Gabors' allegations pursuant to 42 U.S.C. § 1983 regarding John Christopher Gabor's arrest are time-barred because the complaint was filed after the one-year statute of limitations had expired, see McDougal v. County of Imperial, 942 F.2d 668, 672 (9th Cir.1991); Davis v. Harvey, 789 F.2d 1332, 1333 n. 1 (9th Cir.1986). In addition, the State of California and its agencies are immune from suit pursuant to the Eleventh Amendment, and the Gabors failed to allege the personal participation of defendants in any alleged constitutional violation within the requisite statute of limitations. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir.1989).
 
 
 4
 We conclude that the district court did not abuse its discretion by granting defendants' motion for a change of venue pursuant to 28 U.S.C. § 1404(a). See Jacobson v. Hughes Aircraft Co., 105 F.3d 1288, 1302 (9th Cir.1997). We reject the Gabors' contention that Judge Weiner abused his judicial authority and should be sanctioned. We conclude that the district court properly denied the Gabors' motion for default judgment against each defendant because each defendant timely filed a motion to dismiss for improper venue.
 
 
 5
 The Gabors' remaining contentions lack merit.
 
 
 6
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3