[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-12714
Non-Argument Calendar
_____

D.C. Docket No. 6:17-cv-00359-KOB-JEO

JOE DANIEL HOLT, JR.,
Nine vehicles/one motorcycle and $4892.00 US currency,

Plaintiff-Appellant,

versus

ROBERT M. BAKER,
KRISTI A. VALLS,
MIKE BLAKELY,
RANDY KING,
LANCE ROYALS, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(October 12, 2017)

Before TJOFLAT, WILLIAM PRYOR, and ROSENBAUM, Circuit Judges.

PER CURIAM:

Joe Holt Jr., an Alabama state prisoner proceeding *pro se*, brings this appeal after the district court *sua sponte* dismissed his lawsuit stemming from his arrest and the seizure of money, vehicles, and other items from him. Holt brought claims under 42 U.S.C. § 1983, among other statutes, alleging that his arrest was unlawful and that the defendants violated his constitutional and statutory rights in various ways during the ensuing criminal and forfeiture proceedings.[1] All of the events at issue took place from 2004 through 2007.

The district court screened Holt's complaint under 28 U.S.C. § 1915A and found that it failed to state a viable claim because, among other reasons, his claims were clearly barred in their entirety by the applicable two-year limitations period.

We review *de novo* a district court's *sua sponte* dismissal of a complaint for failure to state a claim upon which relief can be granted under 28 U.S.C. § 1915A. *Leal v. Ga. Dep't of Corr.*, 254 F.3d 1276, 1279 (11th Cir. 2001). A dismissal for failure to state a claim "on statute of limitations grounds is appropriate only if it is apparent from the face of the complaint that the claim is time-barred." *La Grasta*

---

[1] In particular, Holt alleged that the defendants, in their individual and official capacities, conspired to violate his rights, in violation of 18 U.S.C. § 241; deprived him of his rights, in violation of 18 U.S.C. § 2425 and 42 U.S.C. § 1983; stole his property, in violation of 18 U.S.C. § 1168; kidnapped him in violation of 18 U.S.C. § 1201; denied him equal rights in violation of 42 U.S.C. § 1981; conspired to violate his civil rights, in violation of 42 U.S.C. § 1985; and deprived him of his property while he was under a disability, in violation of 42 U.S.C. § 12101.

2

*v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004) (internal quotation marks omitted).

Constitutional claims brought under § 1983 are tort actions "subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought." *McNair v. Allen*, 515 F.3d 1168, 1173 (11th Cir. 2008). In Alabama, the statute of limitations for a personal injury action is two years from the date that the action accrued. Ala. Code § 6-2-38(l). We use this same two-year statute of limitations for Holt's §§ 1981 and 1985 claims because it is "the most analogous state statute of limitations" for these claims.[2] *See Newberger v. U.S. Marshals Serv.*, 751 F.2d 1162, 1165 (11th Cir. 1985) (stating that when a federal cause of action does not provide a statute of limitations, "the federal courts apply the most analogous state statute of limitations to such cases").

Holt does not dispute that his claims are subject to the two-year statute of limitations or that this lawsuit was filed nearly ten years after the last wrongful act alleged in his complaint. Instead, Holt maintains that his lawsuit is timely because his incarceration since March 29, 2006, constitutes a "disability" that suspended the running of the limitations period under Alabama law. We disagree.

---

[2] In 1990, Congress enacted "a catchall 4-year statute of limitations for actions arising under federal statutes enacted after December 1, 1990." *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 371 (2004); *see* 28 U.S.C. § 1658. It does not appear that Holt's § 1981 claim arises under any of the 1991 amendments to § 1981, but, even if it did, his claim still would be well outside the four-year window.

3

Alabama Code § 6-2-8 provides for the suspension of the limitations period in cases of disability. *See* Ala. Code § 6-2-8(a). Before 1996, this section included imprisonment as a condition that tolled the limitations period, provided that the sentence was for a term less than life and the claim arose while the defendant was incarcerated. *See Dukes v. Smitherman*, 32 F.3d 535, 536 (11th Cir. 1994) (quoting the 1975 version of § 6-2-8).

In 1985, the Supreme Court of Alabama addressed the issue of tolling under § 6-2-8(a) due to imprisonment in response to a certified question from this Court. *See Whitson v. Baker*, 463 So.2d 146 (Ala. 1985). In that case, the Supreme Court of Alabama recognized that it was bound to follow § 6-2-8(a), but it criticized the inclusion of imprisonment in the tolling statute and opined that "as a matter of public policy, prisoners should not be allowed to rely on the tolling statute in bringing § 1983 actions." *Id.* at 148 & n.1.

Then, in 1996, the Alabama legislature amended § 6-2-8 to remove imprisonment as a condition that tolled the statute of limitations. 1996 Ala. Laws 96-641. As it stands now, the tolling statute recognizes only two disabilities: (1) age below 19 years; and (2) insanity. *See* Ala. Code. § 6-2-8.

4

Because imprisonment has not been a disability under Alabama's tolling statute since before Holt's imprisonment began,[3] he is not entitled to tolling of the limitations period. *See id.* As a result, his civil-rights claims, filed nearly ten years after June 27, 2007, the date he states the last of the alleged injuries occurred, are clearly barred by the two-year statute of limitations. *See McNair*, 515 F.3d at 1173; Ala. Code § 6-2-38(l).

Holt's other contentions provide no basis for relief. Holt argues that he can maintain causes of action under 18 U.S.C. §§ 241, 242, and 1201, but these statutes "are criminal in nature and provide no civil remedies." *Hanna v. Home Ins. Co.*, 281 F.2d 298, 303 (5th Cir. 1960).[4] He cites 42 U.S.C. § 1988, but that statute outlines in general terms the law to be applied in civil-rights proceedings and allows a "prevailing party" to recover attorney's fees. It does not provide a separate cause of action, and Holt is not a prevailing party. Holt also relies broadly on the Americans with Disabilities Act, but he alleges no discrimination on the basis of "disability" within the meaning of the ADA. Holt's incarceration is not such a "disability," which the ADA defines "as a physical or mental impairment that substantially limits one or more major life activities of such individual." 42

---

[3] In any case, even if the pre-1996 version of the tolling statute were still in effect, it does not appear Holt could benefit from it, since he alleges that he is serving a sentence of life imprisonment. *See Whitson*, 463 So.2d at 149–50 (stating that tolling applied only if the defendant was "imprisoned on a criminal charge for any term less than life").

[4] This Court adopted as binding precedent all Fifth Circuit decisions prior to October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*).

5

U.S.C. § 12102(1).  Finally, because Holt's claims were clearly time-barred or otherwise not viable, the district court did not err by denying him a jury trial or by failing to resolve the merits of his claims.

For the reasons stated, we affirm the dismissal of Holt's complaint under § 1915A for failure to state a claim.

**AFFIRMED.**[5]

---

[5] Holt has filed several documents in this Court.  Holt asked this Court to "Take Judicial Notice of State of Alabama Circuit Court Records," to make "a federal determination" whether Holt was denied due process in the underlying state criminal proceeding, and to "ex mero motu review" the underlying state-forfeiture proceedings.  He also submits a "certified question" of Alabama law that appears to concern the issue of tolling.  We deny the first three requests and we decline to answer Holt's "certified question."  To the extent Holt asks that we certify his question to the Supreme Court of Alabama, we deny that request.